# United States Bankruptcy Court
## Southern District of West Virginia

In re: **BLACKJEWEL, LLC., *et al.*,**

**Former Debtors.**

**Case No. 19-30289**

**(Jointly Administered)**

**BLACKJEWEL LIQUIDATION TRUST BY by and through DAVID J. BECKMAN, TRUSTEE,**

**Plaintiff,**

**Adv. Proceeding: 22-3001**

**V. KOPPER GLO MINING, LLC., INMET MINING, LLC; AND LR REVELATION HOLDINGS, L.P.**

## EXEMPLIFICATION CERTIFICATE

I, **Lesley Hoops**, clerk of the bankruptcy court for this district and keeper of the records and seal of the court, certify that the documents attached are true copies of

***Default Judgment Against Kopper Glo Mining, LLC, Dkt. #111***

now remaining among the records of the court. In testimony of this statement, I sign my name, and affix the seal of this court at Charleston, in the State of WV, this 1st **day of February 2024.**

Lesley A Hoops
*Clerk of the Bankruptcy Court*

I, B. McKay Mignault, bankruptcy judge for this district certify that **Lesley Hoops** is and was at the date of the above certificate clerk of the bankruptcy court for this district, duly appointed and sworn, and keeper of the records and seal of the court, and that the above certificate of the clerk and the clerk's attestation are in due form of law.

February 1, 2024
*Date*

BMcK Mignault
*Bankruptcy Judge*

I, **Lesley Hoops**, clerk of the bankruptcy court for this district and keeper of the seal of the court, certify that the Honorable B. McKay Mignault is and was on the date of the above certificate a judge of this court, duly appointed and sworn; and that I am well acquainted with this handwriting and official signature and know and certify the signature written above to be that of the judge.

In testimony of this statement, I sign my name, and affix the seal of the court at Charleston, in the State of WV, this 1st **day of February 2024.**

Lesley A Hoops
*Clerk of the Bankruptcy Court*

BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE
**Dated: November 30th, 2023**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| In re:<br>Blackjewel, L.L.C., *et al.*,<br><br>Former Debtors. | Chapter 11<br><br>Case No. 19-30289<br><br>(Jointly Administered) |
| BLACKJEWEL LIQUIDATION TRUST by and through DAVID J. BECKMAN, TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>KOPPER GLO MINING, LLC; INMET MINING, LLC; and LR-REVELATION HOLDINGS, L.P.,<br><br>Defendants. | Adv. Proceeding No. 22-3001 |

**DEFAULT JUDGMENT AGAINST KOPPER GLO MINING, LLC**

This adversary proceeding is before the Court on: (A) the *Complaint*, ECF No. 1; and (B) the *Blackjewel Liquidation Trust's Renewed Motion for Entry of a Default Judgment Against Kopper Glo Mining, LLC*, ECF No. 105 (the "Motion");[1] and the Court having jurisdiction to consider the

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed in the Motion.

Motion and the relief requested herein pursuant to 28 U.S.C. § 1334; under 28 U.S.C. § 155(a), the Honorable Roger L. Gregory, Chief Judge of the United States Court of Appeals for the Fourth Circuit, having assigned and designated Benjamin A. Kahn, United States Bankruptcy Judge, to this Court and to the captioned, jointly administered cases, together with all associated adversary proceedings, Case No. 19-302891, ECF No. 2011; the Honorable Joseph R. Goodwin having entered an Order referring these cases and all related proceedings to the above signed as contemplated by the order entered by the Honorable Roger L. Gregory and under 28 U.S.C. § 157, Case No. 19-302891, ECF No. 2014; venue being proper before this Court under 28 U.S.C. § 1409; consideration of the Motion and the relief requested therein being a core proceeding as defined in 28 U.S.C. § 157(b); the Court having determined that it has constitutional authority to enter final judgment herein, ECF Nos. 27 & 28; and proper, timely, adequate, and sufficient notice of the Motion having been provided and no other or further notice of the Motion or of the entry of this Order being required; the Court having determined that the legal and factual bases set forth in the Motion, the Complaint, and the declaration filed in support thereof establish just cause for the relief granted herein; it appearing that the relief requested in the Motion is in the best interest of the Trust, its estates, creditors, and equity security holder; and upon due deliberation and sufficient cause appearing thereof,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. Judgment is hereby entered in favor of the Trust and against Kopper Glo in the amount of $21,039,554.05 pursuant to the relief requested by the Trust in the Complaint and the Motion.

2. Plaintiff sought no relief in this action against Defendant LR-Revelation Holdings, L.P., and this Judgment resolves all claims against all parties to the captioned adversary proceeding.

3. This Order is immediately effective upon entry and constitutes a final and appealable order within the meaning of 28 U.S.C. § 158.

4. The Court retains jurisdiction over the implementation, interpretation, and enforcement of this Judgment.

[END OF DOCUMENT]

A TRUE COPY Certified on:

FEB 0 1 2024

U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BY: [signature]

# United States Bankruptcy Court

## Southern District of West Virginia

In re: **BLACKJEWEL, LLC., *et al.*,**

**Former Debtors.**

**Case No. 19-30289**

**(Jointly Administered)**

**BLACKJEWEL LIQUIDATION TRUST BY by and through DAVID J. BECKMAN, TRUSTEE,**

**Plaintiff,**

**Adv. Proceeding: 22-3001**

**V. KOPPER GLO MINING, LLC., INMET MINING, LLC; AND LR REVELATION HOLDINGS, L.P.**

## EXEMPLIFICATION CERTIFICATE

I, **Lesley Hoops**, clerk of the bankruptcy court for this district and keeper of the records and seal of the court, certify that the documents attached are true copies of

***Default Judgment Against Kopper Glo Mining, LLC, Dkt. #111***

now remaining among the records of the court. In testimony of this statement, I sign my name, and affix the seal of this court at Charleston, in the State of WV, this **1st day of February 2024.**

Lesley A Hoops

*Clerk of the Bankruptcy Court*

I, B. McKay Mignault, bankruptcy judge for this district certify that **Lesley Hoops** is and was at the date of the above certificate clerk of the bankruptcy court for this district, duly appointed and sworn, and keeper of the records and seal of the court, and that the above certificate of the clerk and the clerk's attestation are in due form of law.

February 1, 2024
*Date*

BMcK Mignault
*Bankruptcy Judge*

I, **Lesley Hoops**, clerk of the bankruptcy court for this district and keeper of the seal of the court, certify that the Honorable B. McKay Mignault is and was on the date of the above certificate a judge of this court, duly appointed and sworn; and that I am well acquainted with this handwriting and official signature and know and certify the signature written above to be that of the judge.

In testimony of this statement, I sign my name, and affix the seal of the court at Charleston, in the State of WV, this **1st day of February 2024.**

Lesley A Hoops

*Clerk of the Bankruptcy Court*

BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE
**Dated: November 30th, 2023**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| In re:<br>Blackjewel, L.L.C., *et al.*,<br><br>Former<br>Debtors. | Chapter 11<br><br>Case No. 19-30289<br><br>(Jointly Administered) |
| BLACKJEWEL LIQUIDATION TRUST by and through DAVID J. BECKMAN, TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>KOPPER GLO MINING, LLC; INMET MINING, LLC; and LR-REVELATION HOLDINGS, L.P.,<br><br>Defendants. | Adv. Proceeding No. 22-3001 |

**DEFAULT JUDGMENT AGAINST KOPPER GLO MINING, LLC**

This adversary proceeding is before the Court on: (A) the *Complaint*, ECF No. 1; and (B) the *Blackjewel Liquidation Trust's Renewed Motion for Entry of a Default Judgment Against Kopper Glo Mining, LLC*, ECF No. 105 (the "Motion");[1] and the Court having jurisdiction to consider the

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed in the Motion.

Motion and the relief requested herein pursuant to 28 U.S.C. § 1334; under 28 U.S.C. § 155(a), the Honorable Roger L. Gregory, Chief Judge of the United States Court of Appeals for the Fourth Circuit, having assigned and designated Benjamin A. Kahn, United States Bankruptcy Judge, to this Court and to the captioned, jointly administered cases, together with all associated adversary proceedings, Case No. 19-302891, ECF No. 2011; the Honorable Joseph R. Goodwin having entered an Order referring these cases and all related proceedings to the above signed as contemplated by the order entered by the Honorable Roger L. Gregory and under 28 U.S.C. § 157, Case No. 19-302891, ECF No. 2014; venue being proper before this Court under 28 U.S.C. § 1409; consideration of the Motion and the relief requested therein being a core proceeding as defined in 28 U.S.C. § 157(b); the Court having determined that it has constitutional authority to enter final judgment herein, ECF Nos. 27 & 28; and proper, timely, adequate, and sufficient notice of the Motion having been provided and no other or further notice of the Motion or of the entry of this Order being required; the Court having determined that the legal and factual bases set forth in the Motion, the Complaint, and the declaration filed in support thereof establish just cause for the relief granted herein; it appearing that the relief requested in the Motion is in the best interest of the Trust, its estates, creditors, and equity security holder; and upon due deliberation and sufficient cause appearing thereof,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. Judgment is hereby entered in favor of the Trust and against Kopper Glo in the amount of $21,039,554.05 pursuant to the relief requested by the Trust in the Complaint and the Motion.

2. Plaintiff sought no relief in this action against Defendant LR-Revelation Holdings, L.P., and this Judgment resolves all claims against all parties to the captioned adversary proceeding.

3. This Order is immediately effective upon entry and constitutes a final and appealable order within the meaning of 28 U.S.C. § 158.

4. The Court retains jurisdiction over the implementation, interpretation, and enforcement of this Judgment.

[END OF DOCUMENT]

A TRUE COPY Certified on:

FEB 0 1 2024

U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BY